Rockingham, ⎱
  Dec., 1894. ⎰

## DERRY NATIONAL BANK *v.* GRIFFIN.

A tax sale of non-resident land cannot be sustained when the amount of taxes assessed thereon is not inserted in the collector's list and advertisement as required by G. L., *c.* 59, *ss.* 1, 3.

BILL IN EQUITY, to remove a cloud upon the plaintiffs' title to a part of the Eaton farm. The defendant's demurrer was overruled, *pro forma.* Facts found by the court. April 1, 1890, M. W. G., a resident of Chicago, Ill., owned the farm, and a quantity of lumber piled upon it, that had been manufactured from timber cut on the farm. May 5, 1890, she conveyed a part of the farm to K., who mortgaged the same to the plaintiffs. In January, 1893, in a suit to foreclose the mortgage, the plaintiffs recovered judgment, under which they were put in possession of the premises, June 19, 1893, but they did not retain and have not since had the possession.

The taxes for 1890, amounting to $174.51, were assessed as non-resident on the farm and buildings, valued at $8,000, and on the manufactured lumber, designated as "stock in trade," valued at $1,000. The list committed to the collector stated the amount of taxes assessed on the farm to be $174.51. He advertised the farm for sale March 18, 1891, stating in his notice of the sale that so much of it would be sold as would be sufficient to pay the taxes, $174.51, assessed thereon and costs. At the sale the part of the farm in question was sold to the defendant for $184.68, being the amount of the taxes and costs. He received a deed and has possession of the premises.

*Greenleaf K. Bartlett*, for the plaintiffs.

*Calvin Page*, for the defendant.

CARPENTER, J. The demurrer is sustained. The defects in the defendant's tax title appear upon the record. *Eastman* v. *Thayer*, 60 N. H. 408. But the plaintiffs may at the trial term be permitted to amend by filing a declaration in a writ of entry.

The defendant's title is invalid. Both the list of taxes assessed upon non-resident lands and the collector's advertisement of the lands for sale are required to state "the amount of taxes assessed thereon." G. L., c. 59, ss. 1, 3. This requirement is material and mandatory. *Eastman* v. *Little*, 5 N. H. 290; *Weeks* v. *Waldron*, 64 N. H. 149; *Alexander* v. *Pitts*, 7 Cush. 503. It cannot be held that the number of acres must, and that the amount of the tax need not, be stated. Accuracy in the latter is easy; in the former difficult, and in many cases impossible. The statement of the number of acres seems to be material, chiefly because the statute makes it so; but there are good reasons for requiring the amount of the tax to be stated. One purpose is to inform the non-resident and distant owner of the exact amount he is called upon to pay in order to save his land from a sale. The statute intends that he may rely on the information contained in the notice of the sale without further inquiry.

This is not the case of an excessive assessment. *Taft* v. *Barrett*, 58 N. H. 447; *French* v. *Spalding*, 61 N. H. 395. The assessment was correct. The error consists in advertising and selling the land for taxes not "assessed thereon." *Buttrick* v. *Company*, 59 N. H. 392.

*Case discharged.*

CHASE, J., did not sit: the others concurred.