Hillsborough
No. 84-519

### Pierre Morin and Madeline Morin

v.

### Berkshire Mutual Insurance Company

May 8, 1985

*Brown & Nixon P.A.*, of Manchester (*Joseph F. Keefe* and *Francis G. Murphy, Jr.*, on the brief, and *Mr. Keefe* orally), for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*Alan R. Kusinitz* on the brief and orally), for the defendant.

### Memorandum Opinion

The issue on appeal is whether the Superior Court (*Wyman*, J.) properly dismissed the declaratory judgment action filed by the plaintiffs, Pierre and Madeline Morin, against the defendant, Berkshire Mutual Insurance Company. We affirm.

In considering a motion to dismiss, the plaintiffs' allegations are regarded as true. *Aldrich v. Beauregard & Sons*, 105 N.H. 330, 331, 200 A.2d 14, 15 (1964). The plaintiffs here allege the following: that the plaintiffs purchased from the defendant an automobile insurance policy, which covered, *inter alia*, damage to the plaintiffs' cars due to vandalism; that while the policy was effective, one of the plaintiffs' cars was vandalized when rice and other objects were placed in the gas tank; and that the defendant acknowledged that repairs occasioned by this vandalism were covered under the policy and agreed to pay for these repairs, but "refused to tender payment for other repairs . . . , claiming them to be unrelated to the . . .

incident of vandalism . . . ." On the basis of these allegations, the plaintiffs sought a judgment ordering the defendant to pay for the costs of the disputed repairs, which amounted to $349.65.

The plaintiffs' suit essentially stated an action in contract. *See Bertolami v. Merchants Mutual Ins. Co.*, 120 N.H. 308, 313, 414 A.2d 1281, 1284 (1980). The only issue presented was whether the defendant had satisfied its admitted obligation to pay for damage due to vandalism. No issue as to the legal scope of the insurance coverage was present, such as might be suitable for a declaratory judgment resolution. *See* RSA 491:22-a.

■■ Under RSA 491:22, a declaratory judgment action may be maintained only if "adequate relief through other proceedings" is unavailable. *Beaudoin v. State*, 113 N.H. 559, 561, 311 A.2d 310, 312 (1973). The plaintiffs' suit clearly failed this test. The suit could have been maintained in district court either as a formal action in contract or as a small claims action. Since we deem these to be adequate alternative proceedings, we affirm the trial court's dismissal of the declaratory judgment action.

*Affirmed.*

KING, C.J., did not sit.