## Randall D. Radkay

v.

## James Confalone

May 24, 1990

*Shaines & McEachern P.A.*, of Portsmouth (*Robert A. Shaines* and *Jonathan M. Flagg* on the brief, and *Mr. Shaines* orally), for the plaintiff.

*Sanders and McDermott*, of Hampton (*J. Kirk Trombley* and *Lawrence M. Edelman* on the brief, and *Mr. Trombley* orally), for the defendant.

BROCK, C.J. The plaintiff, Randall D. Radkay, filed suit in the superior court, seeking damages alleged to have resulted from the breach of a lease agreement. The defendant, James Confalone, moved to dismiss, claiming that the suit was barred by the doctrine of res judicata because the plaintiff could have raised his claims for damages in connection with an earlier petition for declaratory judgment involving the same lease. The Superior Court (*Temple*, J.), relying on our decision in *Eastern Marine Construction Corp. v. First Southern Leasing*, 129 N.H. 270, 525 A.2d 709 (1987), dismissed the action, and the plaintiff appeals. For the reasons that follow, we reverse and remand.

On October 15, 1986, the parties entered into an agreement under which a parcel of undeveloped land located on Lafayette Road in North Hampton was leased to the defendant by the plaintiff. Included among the many provisions of the agreement was an option for the defendant to purchase the parcel during the lease period.

We need not detail the events that immediately followed the execution of the lease agreement. Suffice it to say that the defendant's failure to comply with its terms, including his default on scheduled rent payments, resulted in controversy between the parties and created uncertainty regarding the plaintiff's right to possess or convey the subject real estate. Therefore, the plaintiff filed a petition for declaratory judgment pursuant to RSA 498:5-a, seeking to have the superior court establish his entitlement to the immediate and exclusive possession of the property and to declare the option to purchase null and void.

On May 4, 1988, the Superior Court (*Gray*, J.), approving the recommendation of a Master (*Charles T. Gallagher*, Esq.), declared "[t]he lease agreement between the parties . . . to be null, void and of no effect." As stated in the master's report, the lease terminated in accordance with the agreement when, after receiving notice of his failure to tender scheduled rent payments, the defendant failed to cure the default. The master found that the option to purchase died with the termination of the lease, which was in effect less than four months. The defendant subsequently appealed to this court, which summarily affirmed the trial court's decision. *Randall D. Radkay v. James Confalone & a.*, No. 88-227 (order dated October 13, 1988).

On May 1, 1989, the plaintiff brought a second action, seeking damages resulting from the defendant's failure to deliver up the subject property. The trial court granted the defendant's motion to dismiss, ruling that the plaintiff's claims were barred by res judicata because they could have been raised in the earlier action.

The sole issue we need consider in this appeal is whether or not the trial court's reliance on *Eastern Marine supra* in dismissing the claim for damages was proper. Necessary to our decision is an understanding of the character and purpose of declaratory judgments, including their effect upon subsequent litigation involving the same cause of action. The right to bring a petition for a declaratory judgment is founded in statute: "Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive." RSA 491:22. "[T]he remedy of declaratory judgment affords relief from uncertainty and insecurity created by a doubt as to rights, status or legal relations existing between the parties." *Portsmouth Hospital v. Indemnity Ins. Co.*, 109 N.H. 53, 56, 242 A.2d 398, 400 (1968). The justiciability of a declaratory judgment

action is not dependent upon proof of a wrong committed by one party against the other. *Faulkner v. Keene*, 85 N.H. 147, 149, 155 A. 195, 197 (1931). Petitions for declaratory relief "must be liberally construed so as to effectuate the evident purpose of the law." *Portsmouth Hospital v. Indemnity Ins. Co.*, 109 N.H. at 55, 242 A.2d at 400.

 Although commonly placed on the equity docket, *American Employers' Ins. Co. v. Liberi*, 101 N.H. 480, 482, 147 A.2d 306, 308 (1958), petitions for declaratory judgment "are *sui generis* as they partake of some of the characteristics of both law actions and equity proceedings." *Merchants Mut. Ins. Co. v. Transformer Serv., Inc.*, 112 N.H. 360, 364–65, 298 A.2d 112, 115–16 (1972). They provide relief when other proceedings would be inadequate. *Morin v. Berkshire Mut. Ins. Co.*, 126 N.H. 485, 486, 493 A.2d 500, 501 (1985); *Beaudoin v. State*, 113 N.H. 559, 561, 311 A.2d 310, 312 (1973). The legislature created declaratory relief as a means for parties to determine their legal or equitable rights at an earlier stage than would be possible if the matter were pursued in other established forms of action. *Merchants Mut. Ins. Co. v. Transformer Serv., Inc.*, 112 N.H. at 364, 298 A.2d at 115.

The legislature has specifically provided that declaratory judgment actions can be brought in superior court by parties faced with adverse claims to an interest in real property. RSA 498:5-a. The court is required to "hear the several claims and determine the rights of the parties . . . and to render judgment determining the questions and disputes and quieting and settling the title to such property." RSA 498:5-d.

 The doctrine of res judicata, "spurred by considerations of judicial economy and a policy of certainty and finality in our legal system," has been established to avoid repetitive litigation. *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. at 273, 525 A.2d at 711 (quoting *Brickner v. Crane*, 118 N.H. 249, 252, 387 A.2d 321, 323 (1978)). "The essence of the doctrine is that 'a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" *Id.* at 273, 525 A.2d at 711–12 (quoting *Brickner v. Crane*, 118 N.H. at 252–53, 387 A.2d at 323, itself quoting *Concrete Constructors, Inc. v. The Manchester Bank*, 117 N.H. 670, 672, 377 A.2d 612, 614 (1977)). The term "cause of action" means the right to recover and refers to all theories on which relief could be claimed arising out of the same factual transaction in question. *Id.* at 275, 525 A.2d at 712.

Generally, once a party has exercised the right to recover based upon a particular factual transaction, that party is barred from seeking further recovery, even though the type of remedy or theory of relief may be different. *Id.; see University of N.H. v. April*, 115 N.H. 576, 578, 347 A.2d 446, 449 (1975).

■■ "Where a plaintiff seeks a declaratory judgment, he is not seeking to enforce a claim against the defendant, but rather a judicial declaration as to the existence and effect of a relation between him [or her] and the defendant." Annotation, *Extent to Which Principles of Res Judicata are Applicable to Judgments in Actions for Declaratory Relief*, 10 A.L.R. 2d 782, 787 (1950). Such a declaration conclusively settles the issues presented to the trial court regarding the parties' rights. RSA 491:22; *Faulkner v. Keene*, 85 N.H. at 151, 155 A. at 198. "A valid and final judgment in an action brought to declare rights or other legal relations of the parties is [also] conclusive in a subsequent action between them as to the matters declared. . . ." RESTATEMENT (SECOND) OF JUDGMENTS § 33 (1982). Thus, declaratory judgments do have a res judicata effect to the extent that the relationship between the parties has been determined and their respective interests, rights or titles have been settled.

■ As stated earlier, however, declaratory judgment actions are unique legislative creations. "[R]ules of res judicata in regard to declaratory judgments differ from those applicable to other judgments." Annotation, *Extent to Which Principles of Res Judicata are Applicable to Judgments in Actions for Declaratory Relief, supra*. Generally, a plaintiff who has successfully obtained a judgment for declaratory relief is not precluded from maintaining a subsequent action for coercive relief. *University of N.H. v. April*, 115 N.H. at 580, 347 A.2d at 450. However, a plaintiff who brings an action for both declaratory and coercive relief is thereafter barred from bringing a suit for further coercive relief, either legal or equitable, based upon the same cause of action. *See* 22A AM. JUR. 2d *Declaratory Judgments* § 240 (1988); *University of N.H. v. April*, 115 N.H. at 581, 347 A.2d at 451.

The trial court relied upon *Eastern Marine Construction Corp. v. First Southern Leasing supra* in granting the defendant's motion to dismiss. In *Eastern Marine*, the plaintiff sought and was granted equitable relief from the defendant's expressed intention to place mechanic's liens on the property of a third party. *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. at 272, 525 A.2d at 711. The plaintiff then brought a second action, seeking damages

from the defendant arising from the same incident. *Id.* at 272–73, 525 A.2d at 711. This court held that the subsequent action was barred by res judicata because the plaintiff could have raised his claim for damages in the first action. *Id.* at 276, 525 A.2d at 713.

This case is distinguishable from *Eastern Marine* in that here the prior action involved declaratory relief. The plaintiff sought only a declaration pursuant to RSA 498:5-a that he was entitled to immediate and exclusive possession of the parcel of property. As is common practice, he included a request for "such other and further relief . . . as may seem just." However, no specific claim for coercive relief accompanied the plaintiff's petition for a declaratory judgment, and none was granted. Under these circumstances, the plaintiff is not barred from further litigation involving legal or equitable claims of recovery.

 Accordingly, we conclude that the trial court erred in granting the defendant's motion to dismiss. *Eastern Marine* is not dispositive of the matter, and the plaintiff's claims are not barred by res judicata.

*Reversed and remanded.*

All concurred.