DROP ANCHOR REALTY TRUST

v.

BETTIE C. OUELLETTE, TAX COLLECTOR
FOR THE TOWN OF KINGSTON

December 28, 1990

*Salomon & Nebling*, of North Hampton (*Craig N. Salomon* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*James M. Costello* and *Matthias J. Reynolds* on the brief, and *Mr. Reynolds* orally), for the defendant.

JOHNSON, J.   The plaintiff, Drop Anchor Realty Trust (Drop Anchor), appeals the Superior Court's (*Gray*, J.) grant of a summary judgment motion made by the defendant, Bettie Ouellette. Drop Anchor argues that the trial court erred in ruling (1) that its action for

damages is barred by a judgment in a previous declaratory judgment action, and (2) that, as a matter of law, Drop Anchor suffered no damages. We reverse and remand.

In August 1985, the Town of Kingston (the Town) sold Gary Reynolds's property in a tax sale to Drop Anchor. Ouellette, the Town's tax collector, gave a tax deed for the property to Drop Anchor in August 1987. Shortly thereafter, in September 1987, Drop Anchor alleges that it agreed to sell the property to an Anthony Prizio for $145,000. A few days later, Drop Anchor and Reynolds each received a letter from Ouellette, which stated that she had failed to properly notify Reynolds of her intention to give the tax deed to Drop Anchor, and thus violated RSA 80:38-a (Supp. 1989) (requiring a thirty-day notice). On the same day Reynolds received Ouellette's letter, he took action to redeem the property pursuant to RSA 80:32 (Supp. 1989) by paying her $1,945.39 for the taxes, interest, and costs he owed the Town. Ouellette then sent a check to reimburse Drop Anchor for the $1,945.39 it had paid the Town, but Drop Anchor refused it.

Following Drop Anchor's refusal to accept the check, the Town filed a petition for declaratory judgment, dated October 21, 1987, naming Drop Anchor and Reynolds as defendants. The petition asked the court to declare the tax deed "null and void, due to the failure of the Town of Kingston Tax Collector to notify the delinquent current owner, namely Gary L. Reynolds, of the pending Tax Collector's Deed," and requested that the Town's check for $1,945.39, deposited in escrow with the superior court, be declared the property of Drop Anchor.

Less than two months later, in December 1987, Drop Anchor instituted the case that is now before us by filing a writ of summons against Ouellette. In its writ, Drop Anchor alleged negligence and breach of a warranty in the tax collector's deed. This warranty stated:

> "And I hereby covenant with the said Drop Anchor Realty Trust that in making sale of the same I have in all things complied with the law and that I have good right, so far as that right may depend upon the regularity of my proceedings, to sell and convey the same in the manner aforesaid."

Drop Anchor alleged that Ouellette's negligence and breach of warranty, in failing to follow the statutory notice requirement, caused Drop Anchor's subsequent inability to sell the subject property to Prizio and resulted in damages to Drop Anchor. Hence, Drop Anchor

filed a damage claim against the Town's tax collector while the Town's petition for declaratory judgment was still pending.

In February 1988, the Town filed a summary judgment motion in the original declaratory judgment action. The Town did not attempt to consolidate Drop Anchor's action against Ouellette with its declaratory judgment action against Drop Anchor and Reynolds. Neither Drop Anchor nor Reynolds opposed the motion, but instead the two parties came to an accord and satisfaction regarding the property, under which Drop Anchor conveyed the property to Reynolds. It should be noted that Drop Anchor, in a separate action, has attempted to set aside this conveyance on the grounds it was secured by fraud and misrepresentation. The Superior Court (*Temple*, J.) issued the following order on the Town's summary judgment motion: "No contradictory affidavit being filed, Motion for Summary Judgment is granted. The Tax Collector's Deed conveying the subject property to Drop Anchor Realty Trust is heretofore declared null and void." The court's order was dated April 7, 1988.

On June 14, 1989, Ouellette filed a summary judgment motion in the instant case, Drop Anchor's action against Ouellette for negligence and breach of warranty. Ouellette argued in her motion that Drop Anchor's action against her was barred by the superior court's April 7, 1988 order in the Town's declaratory judgment action. In addition, Ouellette alleged that Drop Anchor "has no cause of action, at least for damages, since it had nothing to convey and, hence, suffered no damages." Drop Anchor objected to Ouellette's motion, but the Superior Court (*Gray*, J.) ruled in her favor. The court wrote:

> "[I]t is the Court's opinion that the issues raised in the instant suit could have been raised at the time that [the declaratory judgment action] was brought. . . . Even if the instant suit was not barred by res judicata, the Court would enter summary judgment in favor of defendant on the ground that no damages have been suffered by the plaintiff, as the deed conveying the subject property to him was void."

Drop Anchor's motion for reconsideration was denied, and this appeal followed.

■■ First, we examine the trial court's ruling that Drop Anchor's action against Ouellette was barred by res judicata. "The essence of the doctrine of res judicata is that 'a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" *Eastern*

*Marine Const. Corp. v. First Southern Leasing,* 129 N.H. 270, 273, 525 A.2d 709, 711–12 (1987) (citation omitted). A "cause of action" is defined collectively "to refer to all theories on which relief could be claimed on the basis of the factual transaction in question." *Id.* at 275, 525 A.2d at 712.

■ The doctrine of res judicata does not apply to Drop Anchor's action against Ouellette seeking damages. As we recently stated in *Radkay v. Confalone,* 133 N.H. 294, 298, 575 A.2d 355, 358 (1990), a ruling in a declaratory judgment action does not normally preclude someone from bringing an action for coercive relief based on the same set of facts. An analysis of the proceedings in this case supports this principle. The earlier action brought by the Town was a declaratory judgment petition requesting the trial court to declare Drop Anchor's tax deed null and void due to Ouellette's failure to follow the statutory procedures necessary for conveying a valid tax deed. Drop Anchor's present action against Ouellette is thus consistent with the relief sought in the Town's declaratory judgment petition, in that Drop Anchor now claims that Ouellette's negligence and breach of warranty made its title to the real estate unmarketable because the tax deed was unlawfully tendered. The trial court's order in the declaratory judgment action, declaring the tax deed void, therefore supports Drop Anchor's claim for damages. Drop Anchor did not bring this action for damages in order to relitigate the Town's declaratory judgment action; the Town's declaratory judgment action was still pending when Drop Anchor brought its damages action.

■ The Town's declaratory judgment action simply asked the court to determine Reynolds's rights to the property vis-à-vis Drop Anchor. Drop Anchor's action against Ouellette, on the other hand, asked the trial court to find Ouellette negligent and in breach of warranty, and, based on that finding, to award Drop Anchor damages. The facts giving rise to these two cases are the same, but the declaratory judgment action cannot act as a bar to Drop Anchor's damages action. The standard articulated in *Eastern Marine supra* does not apply here. *See Radkay v. Confalone supra.*

Next, we review the trial court's second basis for granting Ouellette's summary judgment motion, that "no damages have been suffered by the plaintiff, as the deed conveying the subject property to him was void." Drop Anchor claims in its action against Ouellette that due to Ouellette's negligence and breach of warranty its title to the real estate acquired by the tax deed was unmarketable, thus

causing Drop Anchor to suffer damages. The trial court's ruling, therefore, fails to address Drop Anchor's claim.

Ouellette argues that the trial court nevertheless properly granted her summary judgment motion because Drop Anchor failed to assert in its objection to Ouellette's summary judgment motion that it had suffered any damages. Ouellette cites RSA 491:8-a to support this proposition. This statute, however, governing summary judgment motions, requires a party to file specific affidavits in opposition to a summary judgment motion only if that party disputes the *facts* alleged in the motion and wishes the court to deny the motion on the basis that there is a *genuine issue of material fact*. RSA 491:8-a, II–IV. It is left to the judge to apply the correct law to undisputed facts. *See id.*, III.

■ In the present case, Drop Anchor did not assert in its objection to the summary judgment motion that there was a genuine issue of material fact. Rather, it objected to Ouellette's legal argument that it could not have suffered damages because the tax deed was void. The trial court similarly appeared to find no genuine issue of material fact. It erroneously ruled as a matter of law that, because of the deed's invalidity, Drop Anchor suffered no damages. For the foregoing reasons, we hold that the trial court erred in granting the motion for summary judgment, and we remand this case to the trial court.

In view of our decision in favor of Drop Anchor, the Town's motion for attorney's fees and costs is denied.

*Reversed and remanded.*

HORTON, J., did not sit; the others concurred.