Spencer v. Flynn, et al.               CV-03-424-SM   11/8/04
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Geraldine Spencer,
       Plaintiff

       v.                                 Civil No. 03-424-SM
                                          Opinion No. 2004 DNH 156
Linda Flynn and
Daniel Ballargeon,
       Defendants


                        **O R D E R**


       Following preliminary review by the Magistrate Judge, this

case consists of state inmate Geraldine Spencer's claim, filed

under 42 U.S.C. § 1983, that her Eighth Amendment right to be

free from cruel and unusual punishment was violated by Linda

Flynn's and Daniel Ballargeon's deliberate indifference to her

serious medical and mental health needs during her incarceration

in the New Hampshire State Prison for Women.  Before the court is

defendants' motion to dismiss on Rooker-Feldman and claim

preclusion grounds.  Plaintiff objects.  For the reasons given,

defendants' motion to dismiss is granted in part and denied in

part.

The complaint initiating this suit is dated July 16, 2003. As noted, the only cognizable claims stated in the complaint arise under the Eighth Amendment. The essential elements of an Eighth Amendment claim based upon inadequate medical care include these: (1) deliberate indifference to (2) serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The Magistrate Judge found that:

> Spencer sufficiently alleges serious medical[1] and mental health[2] conditions to meet that element of this Eighth Amendment claim. Further, she states that despite Ballargeon's and Flynn's awareness of the serious nature of her medical and mental health condition, she was not provided with adequate treatment by any adequately competent professional. Therefore, for purposes of preliminary review, Spencer has sufficiently alleged Eighth Amendment claims for deliberate indifference to her serious medical and mental health needs to allow those claims to proceed at this time.

(Report and Recommendation (document no. 4) at 11-12.)

---

[1] Spencer's medical condition is cardiomyopathy. Because Spencer filed no objection to the Magistrate Judge's Report and Recommendation, which only discussed Spencer's cardiac condition, the injuries she claims to have sustained in two motor-vehicle accidents are not a part of this case.

[2] Spencer's mental health condition consists of depression, anxiety, and panic attacks.

On July 15, 2003, the day before Spencer drafted her complaint in this case, New Hampshire Superior Court Justice Richard Galway held a hearing and issued an order on a motion Spencer filed in state court seeking medical treatment. In an order that specifically addressed Spencer's medical (cardiac) condition, Justice Galway ruled:

> While the New Hampshire State Prison has a constitutional obligation to not be deliberately indifferent to the serious medical needs of an inmate, Estelle v. Gamb[le], 429 U.S. 97 (1976), it is clear from the facts in this case that the prison has clearly not been indifferent to the medical needs of Ms. Spencer. Ms. Spencer has been uncooperative and refuses the treatment offered without a good faith basis.

> The Court finds that the defendant has not sustained her burden of showing that the New Hampshire State Prison's activities allow a determination to be made that they are deliberately indifferent to the serious medical conditions of Ms. Spencer and further the Court finds that the defendant's prison medical record and the testimony presented do not support her allegations that she has been denied appropriate treatment.

(Def.'s Mot. to Dismiss, Ex. C at 3.)

On February 29, 2004, Spencer filed a petition for writ of habeas corpus in state court. In an order dated May 7, 2004,

3

Justice Conboy discussed both Spencer's cardiac condition and her claim that she had not been given adequate medical treatment for injuries sustained in two motor-vehicle accidents. Justice Conboy concluded:

> The petitioner has not asserted a cognizable Eighth Amendment claim, assuming, arguendo, such a claim can properly be asserted in a petition for writ of habeas corpus, because she has not alleged "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106 (citations omitted)." However, even if the petitioner made allegations that successfully state a cognizable Eighth Amendment claim, there is no indication that the prison has treated the petitioner's medical needs with deliberate indifference. From the State's representations, which the court finds credible, it appears that the prison is doing its utmost to ensure the petitioner receives the medications and medical care she requires, including prompt emergency medical treatment from medical facilities outside the prison whenever she needs it. For these reasons, the court finds no support for the petitioner's allegations that she is receiving inadequate medical care or that the prison has violated her constitutional rights in the course of providing such care.

(Def.'s Mot. to Dismiss, Ex. E at 11.)

Given these prior adjudications in state court, reaching the merits of Spencer's Eighth Amendment medical-treatment claim in this case would necessarily require this court to review and

4

effectively overrule judgments rendered by the New Hampshire court.[3] However, federal review of state final judgments is precluded by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Accordingly, to the extent Spencer asserts an Eighth Amendment claim based upon deliberate indifference to serious medical needs, defendants' motion to dismiss is granted.

However, the Magistrate Judge also identified an Eighth Amendment claim in which Spencer alleges deliberate indifference to her serious mental health needs, including depression, anxiety, and panic attacks. Justice Galway's order briefly mentions Spencer's antidepressant medication, Zoloft, but does not squarely address the NHSPW's treatment of her mental health needs. Similarly, Justice Conboy's order contains a generic reference to Spencer's medications, but addresses only her cardiac condition and alleged accident injuries. Thus, neither Justice Galway's order nor Justice Conboy's order constitutes a

---

[3] Given the phrasing of Justice Conboy's order, it could be argued that her Eighth-Amendment analysis was dictum unnecessary to her decision.

final decision on the merits of Spencer's Eighth Amendment mental health claim. Accordingly, that claim is not barred by the Rooker-Feldman doctrine.

Defendants, argue, alternatively, that Spencer's Eighth Amendment mental health claim is still barred by the doctrine of res judicata, because it could have been litigated as part of her motion for medical treatment or her habeas petition in the state court. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under New Hampshire law:

> Res judicata, or claim preclusion, bars relitigation of any issue that was or might have been raised with respect to the subject matter of the prior litigation. Appeal of Univ. System of N.H. Bd. of Trustees, 147 N.H. 626, 629 (2002). The essence of the doctrine is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. Brzica v. Trustees of Dartmouth College, 147 N.H. 443, 454 (2002).
>
> For the doctrine to apply, three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final

> judgment on the merits must have been rendered on the
> first action. <u>Id.</u> The term "cause of action" means
> the right to recover and refers to all theories on
> which relief could be claimed arising out of the same
> factual transaction. <u>Radkay v. Confalone</u>, 133 N.H.
> 294, 297 (1990).

<u>N. Country Envtl. Servs. Inc. v. Town of Bethlehem</u>, 150 N.H. 606, 620 (2004).

Spencer's mental health claim is not barred by <u>res judicata</u> because it is a different cause of action from the claim(s) she raised in her motion for medical treatment and her state habeas petition. While there may be some relationship between Spencer's medical and mental health treatment, defendants, who bear the burden of establishing the elements of <u>res judicata</u>, <u>see</u> <u>McNair v. McNair</u>, No. 2003-704, 2004 WL 1920001, at *8 (N.H. Aug. 30, 2004) (citing <u>State v. Charpentier</u>, 126 N.H. 56, 60 (1985)), have not (yet) demonstrated that those differing needs arose from or relate to "the same factual transaction." <u>Id.</u> Accordingly, defendants' motion to dismiss is denied, without prejudice, with regard to Spencer's mental health claim.[4]

---

[4] Assuming the applicable facts are largely not disputed, resolution by cross-motions for summary judgment are probably preferable to motions to dismiss.

7

For the reasons given, defendants' motion to dismiss (document no. 11) is granted in part and denied in part. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 8, 2004

cc: Nancy J. Smith, Esq.
    Geraldine Spencer