NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2016-0354


RICHARD POLONSKY

v.

TOWN OF BEDFORD

Argued:  September 14, 2017
Opinion Issued:  June 28, 2018


Alfano Law Office, PLLC, of Concord (John F. Hayes on the brief and orally), for the plaintiff.


Upton & Hatfield, LLP, of Concord (Barton L. Mayer and Michael P. Courtney on the brief, and Mr. Mayer orally), for the defendant.


Margaret M.L. Byrnes and Stephen C. Buckley, of Concord, for New Hampshire Municipal Association, by brief, as amicus curiae.


Beaumont & Campbell, Prof. Ass'n., of Salem (Bernard H. Campbell on the brief), for New Hampshire Tax Collectors Association, as amicus curiae.

New Hampshire Legal Assistance, of Claremont (Ruth Heintz and Bennett B. Mortell on the brief), for Kathryn and Zachary Triano, as amici curiae.

HICKS, J.  The plaintiff, Richard Polonsky, appeals, and the defendant, the Town of Bedford (Town), cross-appeals, an order of the Superior Court (Ruoff, J.) on the parties' cross-motions for summary judgment as to the plaintiff's petition for injunctive and declaratory relief and to quiet title to residential property that the Town acquired by tax deed in 2011.  On appeal, the plaintiff argues that the trial court erred in ruling that the Town's failure to provide timely statutory notice to him of its July 2013 "offering for sale," as required by RSA 80:89, I (2012), did not invalidate the tax deed.  The plaintiff also asserts that the trial court erred by failing to find that the penalty the Town may recover pursuant to RSA 80:90, I(f) (2012) (amended 2016) constitutes "double taxation" in violation of the State Constitution.  See N.H. CONST. pt. I, art. 12, pt. II, art. 5.

In its cross-appeal, the Town asserts that the trial court misinterpreted the three-year period set forth in RSA 80:89, VII (2012) when it determined that, although the tax deed was recorded more than three years ago, the plaintiff may bring a claim for any amount the Town recovers from the property's eventual sale that is in excess of the outstanding taxes, interest, costs, and statutory penalty owed ("excess proceeds").  With respect to an issue we remanded to the trial court after the appeal and cross-appeal were filed, the Town contends that applying the 2016 amendment to RSA 80:90, I(f), which reduced the penalty that the Town may recover when it sells the property from 15% to 10% of the property's assessed value, constitutes an unconstitutional retrospective application of the law.  See RSA 80:90, I(f); Laws 2016, 37:2; N.H. CONST. pt. I, art. 23.  We affirm in part, reverse in part, and remand.

I.  Relevant Facts

The relevant facts follow.  In 2008, the plaintiff inherited residential property in Bedford that, at that time, was assessed at approximately $300,000.  Because the plaintiff failed to pay his real estate taxes in 2008, 2009, and 2010, tax liens were imposed on his property for each of those years. The Town notified the plaintiff before each lien was imposed.

In April 2011, the Town notified the plaintiff that a tax deed was to be issued.  The notice stated that, if the plaintiff failed to pay the amount due, he would "be divested of ownership to [the] property" upon issuance of the tax deed.  In May 2011, a tax deed for the property was issued to the Town.  The tax deed was recorded on June 8, 2011.  The plaintiff continued to reside in the property without paying taxes.

On June 12, 2013, the plaintiff offered to pay back taxes, but requested that the Town forgive additional charges. In July 2013, the Town rejected the plaintiff's request and decided to sell the property. In December 2013, the Town notified the plaintiff of its July 2013 decision to sell the property and of his right to repurchase it for $90,442.42. The notice informed the plaintiff that, if he intended to repurchase the property, he was required to provide written notice to the Town within 30 days, with repayment due 15 days thereafter. The plaintiff received that notice in January 2014, but did not act on it.

In April 2015, the Town again notified the plaintiff of its intent to sell the property and of his right to repurchase it. The Town informed the plaintiff that to repurchase the property, he would be required to pay $49,791.93 in back taxes, $44,187.26 as a penalty, and assorted fees. Thereafter, the plaintiff proposed that he purchase the property for only the amount he owed in taxes and that the Town waive the remaining amounts. The Town rejected the plaintiff's proposal.

The plaintiff, through counsel, twice asked the Town to reconsider its rejection of his proposal. The Town declined to do so. The Town further determined that its April 2015 notice to the plaintiff had been sent in error and was no longer operative. The Town asserted that the plaintiff's right to repurchase the property had terminated because more than three years had passed since the tax deed had been recorded. Shortly thereafter, the plaintiff brought the instant lawsuit. To date, the Town has not sold the property.

The parties filed cross-motions for summary judgment. As pertinent to the instant appeal and cross-appeal, the trial court granted summary judgment to the Town on the plaintiff's claim that the tax deed was invalid because the Town failed to notify him of its decision to sell the property within the time set forth by statute. See RSA 80:89, I. In so ruling, the trial court observed that the Town did "not appear to contest [the] plaintiff's claim that the July 17, 2013 [decision] constituted an 'offering for sale.'"

The trial court also granted summary judgment to the Town on the plaintiff's claim that the penalty the Town may recover from a delinquent taxpayer constitutes "double taxation" in violation of the State Constitution. See N.H. CONST. pt. I, art. 12, pt. II, art. 5.

The trial court denied the summary judgment motions of both parties with regard to whether the Town is entitled to retain the full proceeds from the sale of the property, including excess proceeds. The Town had argued that, because the tax deed was recorded in 2011 and because RSA 80:89, VII provides that a former owner's right to repurchase tax-deeded property terminates three years after the date of such recording, the Town no longer had to provide excess proceeds to the plaintiff from the property's eventual sale.

3

The plaintiff had countered that RSA 80:89, VII does not bar him from bringing a claim for the excess proceeds. Alternatively, he had argued that, if RSA 80:89, VII bars his recovery of the excess proceeds, his inability to recover them results in a taking without just compensation in violation of Part I, Article 12 of the State Constitution. The trial court agreed with the plaintiff's statutory interpretation and, therefore, did not address his alternative argument. Both parties moved unsuccessfully for reconsideration of the trial court's order, and this appeal and cross-appeal followed.

Before this case was orally argued, we remanded it for the trial court to address the impact, if any, of 2016 amendments to RSA 80:89, II (2012) (amended 2016) and RSA 80:90, I(f) on this case. See Laws 2016, ch. 37. On remand, the trial court determined that the 2016 amendment to RSA 80:89, II does not apply to this case. The trial court further determined that applying the 2016 amendment to RSA 80:90, I(f) does not violate the Town's rights under Part I, Article 23 of the New Hampshire Constitution. See Laws 2016, ch. 37.

II. Standards of Review

In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Granite State Mgmt. & Res. v. City of Concord, 165 N.H. 277, 282 (2013). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Cloutier v. State, 163 N.H. 445, 451 (2012). We also review the trial court's statutory interpretation de novo. See Wells Fargo Bank v. Schultz, 164 N.H. 608, 610 (2013).

In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Petition of Carrier, 165 N.H. 719, 721 (2013). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result. Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id. This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id. Absent an ambiguity, we will not look beyond the

4

language of the statute to discern legislative intent.  segTEL v. City of Nashua, 170 N.H. 118, 120 (2017).

III.  Analysis

A.  The Town's Failure to Notify the Plaintiff of the Offering for Sale

We first address the plaintiff's argument that the Town's failure to notify him at least 90 days before its July 2013 decision to offer the property for sale, as required by RSA 80:89, I, "warranted the invalidation of the tax deeding proceedings." (Bolding omitted.)  The plaintiff has not cited any relevant support for this proposition, and we are not aware of any.  Although, in his reply brief, the plaintiff asserts, "Courts in this state have invalidated tax deeds where the notice of a tax sale did not comply with statutory requirements," he is mistaken.  The cases upon which he relies to support this assertion, Rivard v. Ross, 99 N.H. 299 (1954), and Drop Anchor Realty Trust v. Ouellette, 133 N.H. 742 (1990), do not, in fact, support it.

To the extent that the plaintiff relies upon cases in which we have invalidated tax sales under the tax sale system as it existed in the 1800s, his reliance is misplaced.  Those cases, decided long before the alternate tax lien procedure was enacted, do not establish that a defect in the notice of an "offering for sale" invalidates a previously-issued tax deed.  See Derry Bank v. Griffin, 68 N.H. 183, 184 (1894); Savings Bank v. Alger, 66 N.H. 414, 415-16 (1890); Weeks v. Waldron, 64 N.H. 149, 151 (1886); Cahoon v. Coe, 57 N.H. 556, 571-72, 579, 605 (1876).

B.  RSA 80:89, VII

1.  Whether the Plaintiff is Barred From Recovering Excess Proceeds Following the Future Sale of the Property

We next address whether, consistent with RSA 80:89, VII, the plaintiff may recover excess proceeds from the eventual sale of the property even though the sale will necessarily take place more than three years after the deed was recorded in 2011.  RSA 80:89, VII provides: "The duty of the municipality to notify former owners and distribute proceeds pursuant to RSA 80:88, and the former owners' right of repurchase under this section shall terminate 3 years after the date of recording of the deed."  The plaintiff contends that he is not foreclosed by RSA 80:89, VII from bringing a future action to recover any excess proceeds that the Town may realize once it sells his property.  The Town argues that the opposite is true.

The trial court agreed with the plaintiff, concluding that, according to its plain meaning, RSA 80:89, VII applies to the duty of a municipality to notify and distribute proceeds pursuant to RSA 80:88 and to the owner's right of

5

repurchase. In so concluding, the trial court was correct. According to the plain meaning of the words used, RSA 80:89, VII pertains to "[t]he duty of the municipality to notify former owners," the municipality's duty to "distribute proceeds pursuant to RSA 80:88," and "the former owners' right of repurchase."

The trial court then decided that the statutory scheme was "open to two interpretations, one making it constitutional and the other not." See State v. Smagula, 117 N.H. 663, 666 (1977) (explaining that "[i]t is a basic principle of statutory construction that a legislative enactment will be construed to avoid conflict with constitutional rights wherever possible"). Although the trial court "declined to find the statute unconstitutional," it observed that the Town's statutory interpretation "would result in significant windfalls to the municipality without recourse for the former owner." The trial court noted that, in this case, where the subject property had been assessed in 2008 at approximately $300,000 and the amount owed by the property owner in back taxes, penalties, and costs is approximately $95,000, the Town "seeks to retain at least $200,000 that would otherwise go to [the] plaintiff." The court stated that "[t]his certainly bears the appearance of an unconstitutional taking."

Thus, the trial court determined that, to construe the statute to be constitutional, the statute "merely remove[s] the Town's duty to file a bill of interpleader with the [trial court] three years after the tax deed is recorded," and does not limit the time within which a former property owner may bring a claim for excess proceeds. In other words, the trial court construed the statutory scheme to allow a former owner to bring a claim against a municipality to recover excess proceeds after the three-year period in RSA 80:89, VII has elapsed.

The trial court's interpretation conflicts with the plain language of the statutory scheme, which does not provide a former owner with a claim for excess proceeds after the three-year period has expired. RSA 80:91 (2012) makes clear that the municipality's only statutory duty with respect to excess proceeds is to distribute them according to RSA 80:88 (to pay the excess proceeds into court by filing an interpleader or to pay them directly to the former owner), and that this statutory duty expires three years after the deed is recorded. See RSA 80:91 (providing that, after the tax deed is executed, "the municipality may treat the property in all respects as the fee owner thereof . . . , without any accountability to former owners, except that the proceeds of any sale must be accounted for as provided in RSA 80:88" (emphasis added)).

The scheme further provides that, once the three-year period in RSA 80:89, VII has expired, the municipality has no duty to the former owner with respect to the excess proceeds. See id. (providing that, "if the municipality has complied with the provisions of this chapter[,] it shall not have any liability whatsoever to any former owner . . . for the amount of consideration received

6

upon disposition of the property." (emphases added)). Thus, according to the express language of the pertinent statutes, the legislature did not intend to allow a former owner to recover excess proceeds from a municipality after the three-year period has elapsed.[1]

In light of the plain meaning of the statutes, the canon of constitutional doubt, upon which the trial court relied, does not apply. See DeBartolo Corp. v. Fla. Gulf Coast Trade Council, 485 U.S. 568, 575 (1988) (explaining that "where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to [legislative] intent") (emphasis added); see also 16 C.J.S. Constitutional Law § 248, at 302 & n.18 (2015) (the canon of constitutional doubt "is not a license for the judiciary to rewrite the language enacted by the legislature" (citing cases)). "[T]he preference for avoiding constitutional adjudication" does not justify "disregarding unambiguous language." United States v. Marshall, 908 F.2d 1312, 1318 (7th Cir. 1990). "A preference for giving statutes a constitutional meaning is a reason to construe, not to rewrite or 'improve'." Id. "Canons are doubt-resolvers, useful when the language is ambiguous and a construction of the statute is fairly possible by which the question may be avoided." Id. (quotation omitted). The trial court's construction in this case is not "fairly possible" because it conflicts with the express terms of the statute. Accordingly, we conclude that the trial court erred by, in effect, rewriting the statute in a way that contravenes the legislature's intent as expressed in the plain meaning of the applicable statutes. See Petition of Carrier, 165 N.H. at 721.

We note that the trial court indicated its concern that the interpretation of the statutes that we today hold is required by their plain language "would incentivize municipalities to simply hold onto properties taken by tax deed for three years in order to retain their full value. This would result in significant windfalls to the municipality without recourse for the former owner." The trial court opined that "[t]his certainly bears the appearance of an unconstitutional taking." We further note that the Town, while taking the position that the current statutory scheme is constitutional, argues in its brief that if a remedy is required to make the statutes constitutional, we should rule that a former

---

[1] The trial court relied upon RSA 80:88, I (2012), which provides that "[n]otwithstanding any other provision of law," for any sale of property acquired by a tax deed, "the municipality's recovery of proceeds shall be limited to back taxes, interest, costs and penalty, as defined in RSA 80:90." Although this section limits the municipality's "recovery" of proceeds upon a sale, RSA 80:88 (2012) makes clear that a municipality retains a "continuing interest" in all of the proceeds, and that upon default of valid claims made by other parties, the excess proceeds shall become the property of the municipality. RSA 80:88, II(d). The statutes discussed in text make clear that after the three-year period in RSA 80:89, VII has expired, the former owner no longer has a valid claim under the statutes to any of the proceeds of a sale. Accordingly, the municipality's "continuing interest" in the excess proceeds entitles the municipality to retain them.

owner may act within three years after the recording of the tax deed to compel the municipality to sell the property. As explained below, we express no opinion as to whether the current statutes as we have construed them today are constitutional, or whether, if the current statutes do permit the taking of property without just compensation, the Town's suggested approach would remedy any constitutional defect. Rather, we simply note that if the legislature disagrees with our construction of the statutes, or if it determines that changes to the statutory scheme are either necessary or warranted, then the decision as to what changes should be made may involve policy judgments that are for the legislature, rather than this court, to make. See Petition of Kilton, 156 N.H. 632, 645 (2007) (stating matters of public policy are reserved for the legislature). Moreover, the legislature is institutionally better equipped to determine what any such changes should be. Cf. In re Grand Jury Subpoena (Issued July 10, 2006), 155 N.H. 557, 562 (2007) (stating that legislature is institutionally better equipped to decide whether adopting new privilege is in society's best interests). Thus, while we remand this case for the trial court to consider the constitutional issues raised by the facts of this particular case, nothing in this opinion is intended to prevent the legislature from considering whether amendments to the statutory scheme are either necessary or warranted. See Hogan v. Pat's Peak Skiing, LLC, 168 N.H. 71, 75 (2015) (if legislature disagrees with our construction of statutes, it is free, subject to constitutional limitations, to amend them).

2. "Takings" Issue

The plaintiff argues that his inability to recover the excess proceeds from the property's future sale results in a taking without just compensation in violation of Part I, Article 12 of the State Constitution. The New Hampshire Constitution provides that "no part of a man's property shall be taken from him . . . without his own consent." N.H. CONST. pt. I, art. 12.

As noted above, the trial court did not decide the takings issue in light of its statutory interpretation. Thus, the trial court has not addressed whether the plaintiff has a vested property right that was taken from him without his consent or, if so, when the taking occurred. Nor has the court addressed, if a taking occurred, whether the plaintiff received any compensation for that taking or, if he did, whether the compensation received constituted "just compensation" under the New Hampshire Constitution. Moreover, the trial court has not addressed whether the plaintiff could convey his right to repurchase the property within the statutory three-year period and, if so, how his ability to convey that right affects the takings analysis. The trial court has also not addressed the Town's affirmative defenses, such as its contention that the plaintiff's claim is barred by the statute of limitations. Although we asked for supplemental briefing and solicited amicus briefs on the plaintiff's takings claim, having reviewed those briefs, we believe that resolving that claim will likely entail additional fact finding. Thus, we conclude that the trial court

8

should resolve the plaintiff's takings claim in the first instance.  See In the Matter of Clark & Clark, 154 N.H. 420, 426 (2006) ("Because the trial court did not address the parties' arguments and because resolving them may require additional factual findings, we remand this issue to the trial court for resolution in the first instance.").

C.  RSA 80:90, I(f)

1.  Application of 2016 Amendment

We next consider whether applying the 2016 amendment to RSA 80:90, I(f) to this case, would constitute an unconstitutional retrospective application of the law.  See N.H. CONST. pt. I, art. 23.  RSA 80:90, I (2012) (amended 2016) defines the amounts included in the phrase "back taxes, interest, costs and penalty" as that phrase is used in RSA 80:88, I (2012).  RSA 80:88, I, concerns the amounts a municipality may recover upon selling a tax-deeded property.  It provides: "Notwithstanding any other provisions of law, for any sale by a municipality of property which is acquired by tax deed . . . , the municipality's recovery of proceeds from the sale shall be limited to back taxes, interest, costs and penalty, as defined in RSA 80:90."  RSA 80:88, I.  Included in the phrase "back taxes, interest, costs and penalty" are: (1) the unpaid taxes; (2) statutory interest; (3) statutory fees; (4) legal costs; (5) reasonably incurred incidental and consequential costs; and (6) an additional penalty based upon the property's assessed value as of the date of the tax deed.  See RSA 80:90, I.  Before RSA 80:90, I(f) was amended in 2016, the additional penalty was equal to 15% of the property's assessed value, see RSA 80:90, I(f); in 2016, the penalty was decreased to 10% of the property's assessed value, see Laws 2016, 37:2.

We have concluded that the trial court erred in its ruling that RSA 80:89, VII does not bar the plaintiff from bringing a claim for the excess proceeds should the Town sell the property in the future.  Accordingly, we have no need at this time to decide what the amount of the penalty would be should such a sale occur.  We, therefore, decline to address this constitutional issue.  See Hughes v. N.H. Div. of Aeronautics, 152 N.H. 30, 35 (2005) ("We decide cases on constitutional grounds only when necessary.").

2.  Double Taxation

Finally, we turn to the plaintiff's contention that the penalty allowed by RSA 80:90, I(f) constitutes "double taxation" in violation of the State Constitution.  See N.H. CONST. pt. I, art. 12, pt. II, art. 5.  Again, because we have concluded that the trial court erred in its statutory analysis, we have no need at this time to decide this constitutional issue, and we decline to do so.  See Hughes, 152 N.H. at 35.

IV.  Conclusion

In conclusion, we affirm the trial court's ruling rejecting the plaintiff's claim that the tax deed was invalid, reverse its ruling construing the statutes as permitting the plaintiff to recover excess proceeds from any future sale of the property, and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

LYNN, C.J., and BASSETT and HANTZ MARCONI, JJ., concurred; DALIANIS, C.J., retired, specially assigned under RSA 490:3, concurred.