Merrimack
Nos. 90-331
   90-453

EUGENE SCHWARTZ

v.

THE STATE OF NEW HAMPSHIRE
DEPARTMENT OF REVENUE ADMINISTRATION *& a.*

April 24, 1992

*Susan V. Denenberg*, of Portsmouth, by brief, and *Martin Schwartz*, of New Rochelle, New York, orally, for the plaintiff.

*John P. Arnold*, attorney general (*Monica A. Ciolfi*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J.   The plaintiff, Eugene Schwartz, appealed a tax assessment pursuant to RSA 77:25 (recodified as RSA 21-J:28-b (Supp. 1991)), including claims under 42 U.S.C. § 1983 that the interest and dividends tax violates the commerce clause and equal protection clause of the Federal Constitution. The Superior Court (*Manias*, J.) dismissed the plaintiff's appeal in its entirety. We affirm in part, reverse in part and remand.

The facts of this case, although convoluted, are not in dispute. Eugene Schwartz was a resident of Concord from March 1984 until July 1, 1988, when he moved to Washington, D.C. As a resident of New Hampshire, Schwartz was subject to the interest and dividends tax, RSA 77:4-a, which taxes interest earned, in excess of $1200, in states other than New Hampshire or Vermont. Schwartz was unaware that any tax was due until he received a notice from the New Hampshire Department of Revenue Administration (Department). The notice, dated November 10, 1988, had been forwarded to his Washington, D.C., address by the United States Post Office, and was not received by the plaintiff until November 28, 1988. On January 5, 1989, the plaintiff forwarded his check for $887.18 to cover the taxes due (including interest thereon) for the years 1985 through 1987. On January 25, 1989, Schwartz filed a bill in equity in the superior court. Counts I and II of the petition constituted an appeal of the tax assessment pursuant to RSA 77:25 on the grounds that the interest and dividends tax violates the commerce clause (count I) and the equal protection clause (count II) of the Federal Constitution. Count III sought to raise the same constitutional claims under the guise of a civil rights action pursuant to 42 U.S.C. § 1983.

On April 19, the superior court granted the Department's motion to dismiss counts I and II on the grounds that the appeal was untimely under RSA 77:25. The court also dismissed count III, to the extent it alleged a commerce clause violation pursuant to 42 U.S.C. § 1983, relying on our decision in *Private Truck Council of America v. State*, 128 N.H. 466, 517 A.2d 1150 (1986). The court allowed the remainder of the third count, which alleged an equal protection claim pursuant to 42 U.S.C. § 1983, to stand. Prior to receiving the court's ruling, the plaintiff moved to amend his petition to add a claim for the interest and dividends tax of $88.63 that he paid for 1988. The Department did not contest the amendment, but the court allowed the amendment only to the extent it amended the § 1983 equal protection cause of action. In response to the court's ruling, the plaintiff filed a second bill in equity ("second suit"), consisting of three counts alleging the same claims as in the first suit, but with respect to the 1988 taxes.

By order dated June 18, 1990, the superior court, reasoning that the plaintiff may not pursue a § 1983 claim when an adequate state law remedy exists, reversed its earlier ruling and dismissed the amended complaint *in toto*. The trial court also dismissed the plaintiff's second suit, ruling that because the court had made determinative rulings on all the claims in the first suit, the doctrines of res

judicata and collateral estoppel prevented the plaintiff from re-litigating these issues in the second suit.

The first issue on appeal is whether the trial court erroneously interpreted RSA 77:25 to require a taxpayer's appeal to be filed in the superior court within sixty days of the date on the Department's notice, thereby rendering the plaintiff's constitutional claims in counts I and II untimely. RSA 77:25 provides that a taxpayer aggrieved by the assessment of any tax must appeal such assessment within sixty days of the notice of the tax. The trial court interpreted this statute to require a taxpayer's appeal to be filed in the superior court within sixty days of the date on the Department's notice, rather than within sixty days of the taxpayer's receipt of the notice.

■ Although this court has not previously construed RSA 77:25, we have considered the issue of timely appeals in other statutes. We have consistently held that appeal periods run from the date of the order or other action giving rise to the appeal, rather than the date the decision is received. *See, e.g., Wentworth-Douglass Hosp. v. N.H. Dept. Health & Welfare,* 131 N.H. 364, 367, 553 A.2d 311, 313 (1988) (petition for certiorari must be filed within thirty days of adverse decision by administrative body); *Chauffeurs Local Union No. 663 v. Silver Bros. Inc.,* 122 N.H. 1035, 1037, 453 A.2d 1292, 1293 (1982) (appeal period runs from date the motion to reconsider is denied); *Rollins v. Rollins,* 122 N.H. 6, 10, 440 A.2d 438, 440 (1982) (appeal period runs from date of last order); *Keene v. Zoning Board,* 114 N.H. 744, 746, 329 A.2d 141, 142 (1974) (appeal period runs from date of order or decision by zoning board); *Salmonsen v. Rindge,* 113 N.H. 46, 48, 299 A.2d 926, 927 (1973) (expressly noting that appeal period runs from date action complained of is recorded, not time of receipt of notice). The plaintiff has introduced no evidence which would excuse his delay, and we find no principled reason to deviate from our previous decisions concerning the timeliness of appeals in those cases. Accordingly, we hold that, absent extenuating circumstances, notice is commensurate with the date on the letter notifying the taxpayer of his obligation, rather than the date the notice is actually received.

■ In the case before us, the Department mailed the plaintiff a letter, dated November 10, 1988, notifying him of taxes due for the years 1985–87. The plaintiff commenced suit contesting the constitutionality of the statute on January 28, 1989, seventy-five days later. Therefore, since the plaintiff filed suit after the sixty-day appeal period had expired, the appeal was untimely, and the trial court properly dismissed counts I and II of the first suit.

We now turn our attention to the question of whether the plaintiff's second suit, for the 1988 taxes, was properly barred by res judicata. The plaintiff, prohibited from amending his original complaint to fully assert his claims for the 1988 taxes, filed a bill in equity thereby commencing a second suit. The trial court ruled that this claim could have been included in the first suit. Therefore, even though it was timely, the second suit was dismissed on the grounds of res judicata.

■■ "The doctrine of res judicata bars litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." *In re Alfred P.*, 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1989). "The term 'cause of action' means the right to recover and refers to all theories on which relief could be claimed arising out of the same factual transaction in question." *Radkay v. Confalone*, 133 N.H, 294, 297, 575 A.2d 355, 357 (1990) (citations omitted). The plaintiff has asserted no new theories of relief. On the contrary, the theories are identical; it is the factual matter, *i.e.*, the year of the tax assessment, that differs.

As a preliminary matter, we note that the plaintiff's appeal rights accrued at different times; one upon notice in 1988 (for the 1985–87 taxes), and the other in 1989 (for the 1988 tax). Although the record does not reveal when the tax notice for the plaintiff's 1988 taxes was dated, it is undisputed that his second suit, which was filed on April 21, 1989, was timely. In order to be timely, the appeal for the 1988 tax must have been filed within sixty days of the date on the notice. This would mean that the notice was dated sometime after February 20, 1989. The plaintiff commenced suit for his 1985–87 taxes on January 21, 1989—at least one month before the 1988 tax notice. The plaintiff is under no obligation to amend the first suit to include factual matters that both arose after the commencement of the suit, and, in fact, support a claim on their own.

■ Each year the alleged illegal tax is imposed, a different cause of action arises. Because the second suit arose from a different factual transaction and accrued after the first suit had been commenced, it was not a matter which had to be, or could have been, litigated in the first suit at the time it was commenced. *See Radkay*, 133 N.H. at 298, 575 A.2d at 357. Therefore, we hold that the doctrine of res judicata was incorrectly applied and the plaintiff's suit pursuant to RSA 77:25 for the 1988 taxes was erroneously dismissed.

As a result of our decision that the plaintiff's 1988 state claim under RSA 77:25 is not barred by res judicata and because the defend-

ants do not challenge its timeliness, we need not address the issue of whether the trial court erred in refusing to allow the plaintiff to amend his original complaint to contain allegations of an illegal tax in 1988.

The last issue on appeal is whether the trial court erroneously dismissed the plaintiff's claims under 42 U.S.C. § 1983 because adequate state court remedies exist. We affirm the dismissal of the federal claims, but for the reasons set forth below.

■ We first address the defendant's contention that the plaintiff may not bring a § 1983 action against the State or its officials acting in their official capacity, because neither are "persons" within the meaning of 42 U.S.C. § 1983. While this is true for retrospective relief, it is not the case when injunctive relief is requested. "[A] State official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Thus, it is clear that prospective relief may be sought against the State and its officials under 42 U.S.C. § 1983.

■ This brings us to the defendant's second argument, with which we agree, that the plaintiff has no standing to assert a claim for prospective relief under 42 U.S.C. § 1983. Schwartz has moved to Washington, D.C., and, as he is no longer a resident of New Hampshire, he is no longer subject to the interest and dividend tax to which he objects; thus he is no longer "impaired or prejudiced" by the tax. *Silver Brothers, Inc. v. Wallin*, 122 N.H. 1138, 1140, 455 A.2d 1011, 1012 (1982); *see also Granite State Land Co. v. Hampton*, 77 N.H. 179, 181, 89 A. 842, 844 (1913) (only person who can contest validity of statute is one who is affected by the unconstitutionality of the provision of which he complains).

The plaintiff has cited *Soto-Lopez v. Civil Service Commission*, 840 F.2d 162 (2d Cir. 1988), to support the proposition that he may assert his claim on behalf of other similarly situated New Hampshire residents, even though he is no longer a resident. In *Soto-Lopez*, however, the statute at issue was a New York statute, and the original plaintiff was a New York resident. Consequently, there was no question that the plaintiff had standing. In this case, since the plaintiff no longer needs protection from the statute, he has no standing and may not seek prospective relief for the benefit of other residents of New Hampshire. Therefore, his tax refund request, to the extent

it sought injunctive relief, and § 1983 claims were properly dismissed.

Accordingly, in appeal No. 90-453 we reverse in part the dismissal of the second suit and remand for a determination on the merits of the plaintiff's request for a refund of his 1988 tax under RSA chapter 77 (counts I and II). All other rulings are affirmed for the reasons set out above.

*No. 90-331 affirmed. No. 90-453 affirmed in part; reversed in part; and remanded.*

All concurred.