Hathaway v. City of Claremont          CV-95-320-JD  09/16/96
                 UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Shaun Hathaway

        v.                                  Civil No. 95-320-JD

City of Claremont, New Hampshire


                              O R D E R


     The plaintiff, Shaun Hathaway, brought this action alleging

that a noise ordinance of the defendant, the city of Claremont,

New Hampshire, violates various provisions of the United States

Constitution.  Currently before the court is the defendant's

motion for summary judgment under Rule 56 (document no. 11).


                            Background[1]

     The plaintiff rents and farms land in West Claremont along

the Connecticut River.  In July, 1994, in an effort to scare away

various animals that had been inflicting damage to his crops, the

plaintiff began to employ agricultural cannons that periodically

emitted a loud noise.  The cannons discharged at scheduled

intervals, at times as often as once every three minutes.  The

plaintiff operated the cannons throughout the growing season from

the middle of May to the middle of October.  The cannons

────────────────────
     [1]The facts relevant to the instant motion are either not in
dispute or have been alleged by the plaintiff.

effectively reduced crop damage but proved unpopular with neighbors who complained to city officials.

On June 22, 1995, the city filed an action against Hathaway in Sullivan County Superior Court to enjoin him from using the cannons. The city's action alleged that Hathaway's use of the cannons was a public nuisance and a violation of the city noise ordinance.[2] On June 26, 1995, while the state court action was pending, Hathaway filed this action seeking to enjoin the state court proceedings while this court determined the constitutionality of the noise ordinance. On July 10, 1995, Magistrate Judge William H. Barry Jr. recommended that Hathaway's request to enjoin the state proceeding be denied. Hathaway v. City of Claremont, No. 94-230-JD, slip op. at 5 (D.N.H. July 10, 1995). The court approved that recommendation on August 3, 1995. Hathaway v. City of Claremont, No. 94-230-JD, slip op. at 1

_____

[2]The noise ordinance provides:

> The making, creation or permitting of any unreasonably loud, disturbing or unnecessary noise in the city is prohibited.

City of Claremont Ordinance § 11-34.

The city's claim that Hathaway violated the ordinance does not appear in its state court petition. However, at some point after the filing of the petition, the city adjusted its theory of the case to include a violation of the noise ordinance. Hathaway clearly was on notice of this fact. See Hathaway's Memorandum in Support of his Motion to Dismiss the State Court Proceeding at 4 ("The City of Claremont has brought this action as a public nuisance under the new Noise Ordinance.").

(D.N.H. Aug. 3, 1995), and thereafter the state court action was tried on August 29, 1995.

The trial focused on the questions of whether Hathaway's use of the cannons was a nuisance and whether alternative means of protecting his crops were available. Several neighbors testified about the effect the cannons had upon them. On September 25, 1995, the state court entered a permanent injunction against Hathaway, limiting his use of the agricultural cannons to the hours between 7 a.m. and 7 p.m. and mandating that he fire them no more than six times each hour. City of Claremont v. Hathaway, No. 95-E-026, slip op. at 3 (Sullivan County Super. Ct. Sept. 25, 1995); City of Claremont v. Hathaway, No. 95-E-026, slip op. at 1 (Sullivan County Super. Ct. June 22, 1995). The only constitutional issue that the state court's order addressed was Hathaway's Fourteenth Amendment claim. It stated:

> Hathaway suggests that Claremont's noise ordinance is unreasonable or unconstitutionally vague. . . . Its imprecision is not defective. Claremont has adopted a standard that appears similar to the Restatement's definition of a public nuisance. (I have treated the standards as identical in this order.) Since its provisions are reasonable and not arbitrary and have a substantial relationship to the health and general welfare of the community, I find [the ordinance] reasonable, statutorily authorized, and constitutional.

See City of Claremont v. Hathaway, No. 95-E-026, slip op. at 2 (Sullivan County Super. Ct., Sept. 25, 1995). The New Hampshire

3

Supreme Court summarily affirmed the state court judgment on January 26, 1996.

The plaintiff's constitutional challenges in this action are diverse. The plaintiff makes the following assertions: (1) the ordinance is unconstitutionally vague in violation of the Fourteenth Amendment, Complaint ¶ 24; (2) enforcement of the ordinance is subjective and therefore in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, id. ¶ 25; (3) enforcement of the ordinance is a taking in violation of the Fifth Amendment, Final Pre-Trial Statement; and (4) the ordinance is vague and overbroad in violation of the First Amendment, id.

On March 8, 1996, the defendant moved for summary judgment in this action, asserting that the prior state court adjudication precludes the plaintiff from relitigating his case here. On June 5, 1996, the court issued an order requiring the parties to address more fully the legal and factual issues presented by the defendant's motion for summary judgment.

## Discussion

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The burden is on the moving party to establish the lack of a genuine, material factual issue, and the court must view the record in the light most favorable to the nonmovant, according the nonmovant all beneficial inferences discernable from the evidence." Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993) (citations omitted), cert. denied, 115 S. Ct. 56 (1994). Once the moving party has met its burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial[,]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56 (e)), or suffer the "swing of the summary judgment scythe." Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1561 (1st Cir. 1989). "In this context, `genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party, Anderson, 477 U.S. at 248; `material' means that the fact is one `that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson, 477 U.S. at 248).

In its motion for summary judgment, the defendant alleges that "there is no genuine issue of material fact with respect to

the application of collateral estoppel." Defendant's Motion for Summary Judgment at 4. The court notes that the doctrines of collateral estoppel, or issue preclusion, and res judicata, or claim preclusion, are closely related and sometimes conflated. See Fiumara v. Fireman's Fund Ins. Co., 746 F.2d 87, 90 n.1 (1st Cir. 1984); United States v. 14.87 Acre of Land, 799 F. Supp. 226, 231 (D.N.H. 1992).[3] Although the defendant's motion explicitly requests relief on the grounds of collateral estoppel, its claims are broad enough that they fairly can be interpreted as a request for relief on res judicata grounds as well. See Memorandum of Law in Support of Defendant's Motion for Summary Judgment at 2-3 ("[T]he Plaintiff has had a full and fair opportunity to litigate all of the issues associated with the claim presented in the Federal District Court . . . ."); Plaintiff's Response to Defendant's Supplemental Memorandum Submitted Pursuant to Court Order Dated June 5, 1996 at 1 ("[The defendant contends that] the constitutional issues raised by the Plaintiff in this Honorable court were raised, or should have been raised, in the State Superior Court."). Accordingly, the

---

[3]The imprecision is due, in part, to the fact that res judicata is used both as a specific term to refer to claim preclusion and as a generic term to refer to both doctrines concerning former adjudication -- claim preclusion and issue preclusion. See Fiumara, 746 F.2d at 90 n.1; Bricker v. Crane, 118 N.H. 249, 252-53, 387 A.2d 321, 323 (1978).

6

court interprets the defendant's motion for summary judgment as a request for judgment on the grounds of either collateral estoppel or res judicata.

The full faith and credit statute provides:

> [J]udicial proceedings [of any court of any state] . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . .

28 U.S.C.A. § 1738 (West 1994). Thus, federal courts give the "same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Const. Corp., 456 U.S. 461, 466 (1982); accord Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see Kyricopoulos v. Town of Orleans, 967 F.2d 14, 16 (1st Cir. 1992).

The court applies New Hampshire law to determine whether the plaintiff's lawsuit is precluded by the prior state court litigation. In New Hampshire "a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action." ERG, Inc. v. Barnes, 137 N.H. 186, 191, 624 A.2d 555, 558 (1993) (citing Eastern Marine Const. Corp. v. First Southern Leasing, 129 N.H. 270, 273, 525 A.2d 709, 711-12 (1987)); see Schwartz v. State Dep't of Revenue Admin., 135 N.H. 470, 474, 606 A.2d 806, 808 (1992). As to any cause of action, "[a] judgment on the

merits has preclusive effect as to both what was actually litigated and everything that could have been litigated." Cathedral of the Beechwoods v. Pare, 138 N.H. 389, 391, 639 A.2d 1098, 1099 (1994). Thus, res judicata will bar a subsequent action when: (1) both cases arise from the same cause of action; (2) the parties to the two actions are identical (or in privity); (3) the original action was determined on the merits; and (4) the court entering the original judgment was of competent jurisdiction such that it could have heard the claims raised in the subsequent action. See ERG, Inc., 137 N.H. at 191, 624 A.2d at 558; Eastern Marine, 129 N.H. at 273, 525 A.2d at 711-12.

"The term `cause of action' embraces all theories on which relief could be claimed arising out of the same factual transaction." ERG, Inc., 137 N.H. at 191, 624 A.2d at 558; see Eastern Marine, 129 N.H. at 274, 525 A.2d at 712 (cause of action is the "right to recover, regardless of the theory of recovery"). Applying this standard, New Hampshire courts have barred lawsuits found to be "closely related" to an earlier action, even where the subsequent action is advanced under a separate legal theory, e.g., Shepherd v. Town of Westmoreland, 130 N.H. 542, 544, 543 A.2d 922, 923 (1988), or where the roles of the parties (plaintiff and defendant) in the two actions are reversed, see Laconia Nat'l Bank v. Lavallee, 96 N.H. 353, 355 (1950); see also

8

Lovely v. Laliberte, 498 F.2d 1261, 1263 (1st Cir. 1974), cert. denied, 419 U.S. 1038 (1974).  A subsequent suit related to the same cause of action as an earlier adjudication is precluded even where the plaintiff intends to (1) "present evidence or grounds or theories of the case not presented in the first action"; or (2) "seek remedies or forms of relief not demanded in the first action."  Eastern Marine, 129 N.H. at 275, 525 A.2d at 712 (citing Restatement (Second) of Judgments ch. 3 § 25, at 209).

The plaintiff has contested only one of the four prongs of the defendant's res judicata defense — that the prior action involved the same cause of action being litigated in this case. The plaintiff argues that the prior state court adjudication was limited in focus, and asserts that his current claims would have been collateral matters inappropriate for litigation in that action.  Essentially, he urges that his claims should not be barred by res judicata because they were not, and should not have been, litigated in the prior adjudication.

After considering the record of the state court proceedings, the court finds that the cause of action asserted in state court was sufficiently similar to the cause of action in this litigation that the plaintiff could have raised his constitutional claims in the state court.  The state court proceedings, which were brought under the theories of public

nuisance and violation of the noise ordinance, focused on the plaintiff's right to use agricultural cannons and resulted in a permanent injunction limiting his right to use those cannons. To the extent that the city's action against the plaintiff under either theory raised constitutional concerns, the plaintiff could have raised those concerns as defenses in the state court proceedings. Instead the plaintiff held back potentially meritorious defenses, allowed a permanent injunction to be entered against him, and has attempted to attack the injunction in these proceedings under a different legal theory.

Under New Hampshire law, "the doctrine of res judicata . . . has been established to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end." Eastern Marine, 129 N.H. at 270, 525 A.2d at 712. The plaintiff's dispute with the city of Claremont has reached that point. The court finds that this lawsuit is barred by New Hampshire principles of res judicata.[4]

_____

[4]Because of the court's holding on the grounds of res judicata, it need not, and does not, express any opinion as to the merits of the plaintiff's constitutional claims.

10

## Conclusion

The defendant's motion for summary judgment (document no. 11) is granted.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

September 16, 1996

cc:  Michael C. Shklar, Esquire
     John J. Yazinski, Esquire
     Edward B. Mulligan IV, Esquire

11