Decker v. Decker, et al.          CV-96-424-M    02/17/98
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Marshall N. Decker

     v.                                   Civil No. 96-424-M

David R. Decker; Duncan Farmer;
Robert Stinson; Normandin,
Cheney & O'Neil, P.A.; Decker,
Fitzgerald & Sessler, P.A.; a/k/a
Fitzgerald & Sessler, P.A.


                          O R D E R


     Pro se plaintiff, Marshall Decker, filed the present action

against his brother, David Decker, and other defendants,

following state court litigation arising out of a failed business

relationship between Marshall and David.  Marshall asserts claims

for abuse of process, malicious prosecution, and conspiracy.

Defendants move for summary judgment[1] on all claims, and for the

reasons that follow, those motions are granted.


                      Standard of Review

     Summary judgment is appropriate if the "pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

_____

     [1]Although David Decker's motion is captioned as a motion to
dismiss, he attaches his own affidavit in support of his motion,
and Marshall Decker has responded to all three motions
simultaneously with an appendix of supporting materials.  Because
both parties rely on matters outside of the pleadings, the motion
shall be treated as one for summary judgment.  See Fed. R. Civ.
P. 12(b).

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. Saenger Organization v. Nationwide Ins. Assoc., 119 F.3d 55, 57 (1st Cir. 1997). Thus, summary judgment will be granted if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).

## Background

In 1986, David Decker brought suit against his brother, Marshall, to recover his disputed interest in a manufactured housing site ("CFV") developed by Marshall's company, JED. See Decker v. Decker, 139 N.H. 588, 590 (1995). "The trial court determined that David Decker owned a ten percent equity interest in CFV, awarded him damages of $100,000 less $30,000 for payments the defendants made on his note, awarded him $15,000 in accounting fees, and made a series of orders directed at protecting David Decker's ten percent equity interest and share

2

of profits thereafter." Id. Marshall appealed the trial court's judgment. The New Hampshire Supreme Court affirmed the trial court's decision that David retained his ten percent equity interest in CFV, but reversed and remanded the damages award and orders to protect David's interest, directing the trial court to recalculate damages and protective measures based on "a proper accounting and consideration of CFV's finances." Id. at 91. On remand, the trial court adjusted the damages awarded to David, and reconsidered the protective measures in light of the fact that Marshall's ex-wife then controlled CFV. See Decker v. Decker, No. E-86-0128 (N.H. Superior Ct. Sept. 14 and Oct. 5, 1995). No record of a further appeal has been filed here.

Marshall Decker, proceeding pro se, filed suit against his brother, David, in this court in August 1996; David's former law firm, Fitzgerald and Sessler, P.A.; the lawyer who represented David in the state court litigation, Duncan Farmer; Farmer's law firm, Normandin, Cheney, and O'Neil, P.A.; and the accountant who testified in the state court litigation on behalf of David, Robert Stinson. Marshall's complaint, as clarified by amendment, alleged claims of malicious prosecution, abuse of process, and conspiracy.[2]

---

[2]David previously filed a motion to dismiss the conspiracy count, which was granted.

## Discussion

Defendants now move for summary judgment on grounds that Marshall's claims are barred by the doctrine of res judicata and otherwise are without merit, based on the undisputed facts.

## A.    Malicious Prosecution

Marshall alleges that David's state litigation against him constituted malicious prosecution--that David brought the suit after threatening Marshall that he would sue him if Marshall did not pay David a sum of money by November 1, 1986. "A successful action for malicious prosecution requires proof that the plaintiff was subjected to a civil proceeding instituted by the defendant, without probable cause and with malice, and that the proceedings terminated in the plaintiff's favor." ERG, Inc. v. Barnes, 137 N.H. 186, 190 (1993). David, not Marshall, prevailed. David obtained judgment in his favor in the state court proceeding, which judgment was modified, but not reversed, following appeal. Based on the record presented, David remains the prevailing party.

Marshall attempts to explain away his failure to prevail in the state case by assigning error to the state trial judge. In essence, Marshall asks this court to reconsider the evidence presented in the state proceeding, apply the legal definitions he suggests, and find, contrary to the result in state court, that he did not "convert" money owed to David. Marshall presents no trialworthy issue.

4

Federal courts, other than the Supreme Court, lack jurisdiction to directly review state court decisions. See District of Columbia of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Accordingly, district courts may not consider arguments or claims that are "inextricably intertwined" with the state court decision. Feldman, 460 U.S. at 476. Federal claims are inextricably intertwined with state court proceedings (even if precisely the same claims were not raised previously in state litigation) if the party had an opportunity to raise those claims and if resolution of the claims in federal court would effectively provide a form of federal appellate review of the state court's decision. See Pennzoil Co. v. Texaco, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state judgment is patently wrong or was entered following patently unconstitutional proceedings. Young v. Murphy, 90 F.3d 1225, 1231 (7th Cir. 1996). Since the state court definitively ruled on the issues and arguments now raised by Marshall, holding that Marshall owed David money, this court is without any colorable jurisdiction to review the matter.

Alternatively, the principles of res judicata and collateral estoppel would bar relitigation here of David's claim against Marshall, which was fully considered and resolved in state court. When the preclusive effect of a state court decision is

5

considered in federal court, "the reach of the state court judgment is determined by state law." New Hampshire Motor Transport Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir. 1995). Under New Hampshire law, res judicata is a broad doctrine that "covers all the various ways in which a judgment in one action will have a binding effect in another." Appeal of James A. Hooker, 694 A.2d 984, 986 (N.H. 1997) (quotation omitted). In general terms, the doctrine is defined as follows:

> The doctrine of estoppel by judgment, or res judicata, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment in personam in a former suit.

Hallisey v. DECA Corp., 140 N.H. 443, 444 (1995) (quoting United States v. California Bridge Co., 245 U.S. 337, 341 (1917)).

Res judicata, as claim preclusion, bars litigation of "matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." Schwartz v. State, 135 N.H. 470, 474 (1992) (quotation omitted). A "cause of action" in context of res judicata means "the right to recover and refers to all theories on which relief could be claimed arising out of the same factual transaction in question." Id. (quotation omitted). In this case, the law firm defendants are sufficiently in privity with David Decker to permit a preclusive effect of the judgment in the state action. Thus, to the extent Marshall's malicious

6

prosecution claim asks that this court reconsider the merits of David's claims against him, it is barred by res judicata.

Further, the issue preclusion aspect of res judicata, collateral estoppel, bars relitigation of an issue under the following circumstances:

> the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so. The party to be estopped must have had a full and fair opportunity to litigate the issue. In addition, the finding must have been essential to the first judgment.

Hooker, 694 A.2d at 986 (quoting Petition of Gilpatric, 138 N.H. 360, 362-63 (1994)). To the extent Marshall's malicious prosecution claim rests on the issue of whether he "converted" David's interest in CFV, the state court neither denied nor granted Marshall's requests for findings as to whether he "converted" David's interest or money and explained the finding as follows:

> The Court does not understand how the defendants used the word "convert." If they mean did the defendants steal these monies, the answer is no. If convert means take monies earned by J.E.D. Associates, Inc. and use them for other business ventures not related to Cotton Farm Village, the answer is yes.

Decker v. Decker and J.E.D. Assoc., Inc., E-86-0128 at 21 (N.H. Superior Ct. Sept. 1, 1993). Thus, the state court's finding precludes a determination that David brought and maintained his cause of action without cause to believe that Marshall had wrongfully taken his money.

Since Marshall has not demonstrated a trialworthy issue with respect to his malicious prosecution claim, defendants are entitled to summary judgment.

**B.    Abuse of Process**

Marshall's abuse of process claim is based on his allegations that defendants committed perjury, misrepresented facts and evidence, were not candid with the trial court, and used the trial to extort money from him. A claim for abuse of process exists when "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Cabletron Systems, Inc. v. Miller, 140 N.H. 55, 57 (1995) (quotation omitted). The state court found that neither David nor his accountant, Robert Stinson, deliberately attempted to mislead the court during the proceedings. Decker v. Decker and J.E.D. Assoc. Inc., No. 86-E-128 at 5 (N.H. Superior Court, Oct. 5, 1995). Thus, based on the Rooker-Feldman doctrine and the principles of res judicata, discussed above, this court is precluded from considering Marshall's abuse of process claims as raised here. Defendants are entitled to summary judgment on the abuse of process claim.

8

## C.    Conspiracy

This court previously decided Marshall's conspiracy claim in David's favor.  See Decker v. Decker, No. 96-424-M (D.N.H., Sept. 11, 1997).  For the reasons stated in that order, the remaining defendants are entitled to summary judgment on the conspiracy claim as well.

As the court has determined that no trialworthy issues remain, it is unnecessary to consider defendants' additional grounds for summary judgment.

## Conclusion

For the foregoing reasons, defendants' motions to dismiss and for summary judgment (documents no. 19, 20, and 21) are granted.  The clerk of court is instructed to enter judgment in favor of the defendants, in accordance with the terms of this order, and close the case.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

February 17, 1998

cc:  Marshall N. Decker
     David R. Decker, Esq.
     Jeffrey B. Osburn, Esq.
     David H. Bownes, Esq.
     James C. Wheat, Esq.

9