Grafton
No. 98-787

THE STATE OF NEW HAMPSHIRE

v.

DUANE ALAN MARTIN

November 2, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*John P. Newman*, assistant appellate defender, of Concord, on the brief, and *Behzad Mirhashem*, assistant appellate defender, of Concord, orally, for the defendant.

BRODERICK, J. The defendant, Duane Alan Martin, appeals his convictions on two counts of being a felon in possession of a firearm, RSA 159:3 (1994). He argues that the Superior Court (*Fitzgerald*, J.) erroneously denied his motion to suppress evidence. We reverse and remand.

On March 2, 1998, the Rochester District Court issued a bench warrant for the defendant's arrest when he failed to appear at a probation violation hearing. On March 5, the Rochester Police Department sent a copy of the warrant by facsimile transmission to the police in Enfield, where the defendant lived. The Enfield Police Department received the bench warrant at 11:06 a.m., with instructions to contact the Rochester Police Department once the defendant was in custody to verify that the warrant was still in effect.

At approximately 12:50 p.m. that same day, two Enfield police officers entered the defendant's residence to arrest him. The defendant told them that his attorney had the bench warrant vacated due to a misunderstanding concerning the date of his probation violation hearing. The officers contacted the Rochester Police Department, were informed that the bench warrant was still valid, and arrested the defendant. Before leaving his home, the defendant, accompanied by one of the officers, went to his bedroom closet to get a jacket. When the officer observed two firearms in the closet in plain view, and the defendant acknowledged that he owned them, the officer seized them.

After the defendant was taken to the Enfield police station, his attorney was contacted. He indicated that he had not yet received an order on his motion to vacate the bench warrant, but would contact the Rochester District Court to determine its status. While the defendant remained in custody in Enfield, the Rochester District Court, at 1:18 p.m., sent the Enfield police by facsimile transmission a copy of an order vacating the bench warrant. The order was dated March 5, but was silent as to when it was signed.

The defendant moved to suppress evidence of firearm possession on the basis that the bench warrant had been vacated prior to his arrest. After the parties waived an evidentiary hearing, the motion was denied. The trial court found that "it [was] unclear exactly what time [the] warrant was vacated" and refused to "presume that it was vacated prior to the defendant's arrest." The court then concluded that "the better rule is that a warrant is not effectively vacated until the issuing court has provided *actual notice* . . . to the requesting agency." After stipulating to certain facts and waiving his right to a jury trial, the defendant was convicted on both counts. This appeal followed.

The defendant does not contest the validity of the bench warrant when issued, but challenges only its validity at the time of his arrest. He argues that the superior court erred in denying his motion to suppress because the State failed to establish by a preponderance of the evidence that his arrest was pursuant to a valid (and not a vacated) bench warrant. Accordingly, he argues that the trial court should have found that his arrest and the seizure of firearms violated Part I, Article 19 of the New Hampshire Constitution. In response, the State asserts that it proved the validity of the bench warrant at the time of the defendant's arrest, and, in the alternative, that the order vacating the warrant was not effective until the police received it. Finally, the State argues that because the police took reasonable steps to ascertain the validity of the warrant before the defendant's arrest, the firearms evidence was properly admissible under a "good faith" exception to the exclusionary rule.

■ "At hearings on motions to suppress evidence . . . it is basic that the burden of proof of the legality of the search rests with the State in all cases." *State v. Hale*, 136 N.H. 42, 45-46, 611 A.2d 630, 632 (1992); *see* SUPER. CT. R. 94. Our review of the trial court's order on the motion to suppress is *de novo*, except as to any historic facts determined by the trial court in the first instance. *See State v. Daniel*, 142 N.H. 54, 57, 694 A.2d 989, 991 (1997).

The trial court expressly found that it was "unclear" as to what time the bench warrant was vacated. Our review reveals that the State presented no direct evidence as to whether the district court vacated the bench warrant before or after the defendant's arrest. The record indicates that the district court signed the order vacating the bench warrant at some time on March 5, but there is no evidence as to whether it was signed before or after the defendant's arrest.

Further, the circumstantial evidence presented by the State does not support an inference either way as to the time the warrant was vacated. The State contends that the trial court could draw inferences as to when the order was signed in its favor, and concludes that the facts "lead to the logical, and factually compelling, conclusion that the Rochester District Court judge had not signed the order until shortly before it was faxed to the Enfield police." To the contrary, the dearth of facts as to the time the order was signed does not compel such an inference. It may be that the inquiry of defendant's counsel to the district court as to the status of his motion triggered the transmittal of the order to the Enfield police. That likelihood, however, does not inexorably lead to a conclusion, as the State argues, that the post-arrest inquiry also triggered the signing of the order. It is just as reasonable to conclude that the order vacating the warrant was signed before the defendant's arrest, and not during the brief window between the defendant's arrest and the transmittal of the facsimile copy.

▮ The State's contention that the finder of fact is not required to explain away all inconsistencies in the evidence has no bearing here. There is simply insufficient evidence concerning the time the warrant was vacated to draw any inference as to whether it was effective at the time of the defendant's arrest. Consequently, the State did not meet its burden of proof in establishing the validity of the bench warrant at the time of the defendant's arrest. *Cf. State v. Berube*, 123 N.H. 771, 775, 465 A.2d 509, 512 (1983) (suppression of defendant's statements where State failed to meet its burden of proof that the defendant had been informed of his constitutional rights before being subjected to custodial interrogation).

The trial court, however, denied the defendant's motion to suppress because it believed the "better rule" to be that a warrant is not vacated until actual notice of such an order is received by the police. The State, in conformity with this ruling and relying on several Supreme and Superior Court Rules concerning post-decision relief, argues that an order vacating a bench warrant is not effective until the parties receive notice of it. We disagree.

■ It is axiomatic that an order is effective from the time it is signed by the court. *See* RSA 594:7 (1986) ("An officer to whom a warrant for the arrest of an offender may be addressed has power to make the arrest at any time . . . ."); *Depuy v. Hoeme*, 775 P.2d 1339, 1343 (Okla. 1989) ("A judgment or order is rendered and begins its legal life as soon as it is pronounced from the bench and before it is ever reduced to writing for entry of record by the clerk. . . . [A]ny judgment or order is operative from the moment it is announced . . . ."). This is in harmony with our court rules, which allow parties a specified number of days from the date of the clerk's written notice of a court's decision to take certain actions for post-decision relief. *See, e.g.*, SUP. CT. R. 7(1), 7(2), 15(2); SUPER. CT. R. 59-A(1), 87(b), 105; DIST. & MUN. CT. R. 1.11. In those instances, it is the date of the clerk's written notice, and not the date of receipt of that written notice, that controls. Moreover, "[w]e have consistently held that appeal periods run from the date of the order or other action giving rise to the appeal, rather than the date the decision is received." *Schwartz v. State*, 135 N.H. 470, 473, 606 A.2d 806, 808 (1992). Where fundamental constitutional rights are involved, as here, we decline to rely on a standard as transient as "time of receipt of notice" for the effectiveness of an order.

Finally, the State argues that even if it did not meet its burden of proof that the defendant was arrested pursuant to a valid bench warrant, the trial court was correct in denying the motion to suppress because the arresting officers took reasonable steps to determine whether the facially valid arrest warrant was still in effect. The State attempts to distinguish the case at hand from *State v. Canelo*, 139 N.H. 376, 653 A.2d 1097 (1995), and argues that the particular circumstances here mandate a good faith exception to the exclusionary rule under Part I, Article 19 of our State Constitution. We disagree.

We need not review here the history of the exclusionary rule's evolution, our implicit recognition of the rule in this State, and the underlying reasons for it. *See id.* at 383-87, 653 A.2d at 1102-05. We note, however, that the exclusionary rule has neither the sole purpose of deterring police misconduct, nor the sole purpose of guaranteeing compliance with the probable cause requirement of Part I, Article 19. *Id.* at 386-87, 653 A.2d at 1105. Rather, it serves both purposes, as well as serving "to redress the injury to the privacy of the search victim." *Id.* at 387, 653 A.2d at 1105.

■ While we agree with the State that deterrence of police misconduct is not at issue under the facts of this case, "[t]he framers

did not intend the safeguards of the warrant requirement to be circumvented merely by allowing law enforcement officials to act reasonably under the circumstances." *Id.* (quotation omitted). Instead, "part I, article 19 safeguards privacy and protection from government intrusion" and "manifests a preference for privacy over the level of law enforcement efficiency which could be achieved if police were permitted to search without probable cause *or judicial authorization.*" *Id.* at 386, 653 A.2d at 1104-05 (emphasis added). The State's failure to prove that the bench warrant was valid at the time of the defendant's arrest removes the mantle of judicial authorization for that arrest and the grounds for the police to be at the defendant's residence. In summary, we reiterate that a good faith exception to the exclusionary rule "is incompatible with and detrimental to our citizens' strong right of privacy inherent in part I, article 19." *Id.* at 387, 653 A.2d at 1105.

 We hold that the superior court erred in denying the defendant's motion to suppress evidence of firearm possession, as his arrest and the subsequent seizure of firearms were in violation of Part I, Article 19 of the New Hampshire Constitution.

In order to preclude a recurrence of this particular dilemma, we strongly encourage judges to record the date and time of signature on those orders where such information might prove crucial. *Cf.* RSA 490:4.

*Reversed and remanded.*

BROCK, C.J., and HORTON, J., concurred.